UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-21496-CIV-LENARD/GOODMAN

LEONCIO DEL ROSARIO, and others
similarly-situated,

    Plaintiffs,

vs.

LABOR READY SOUTHEAST, INC., a
foreign corporation, d/b/a True Blue,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Plaintiff, LEONCIO DEL ROSARIO, by and through his undersigned attorney, and hereby responds in Opposition to Defendant's Motion to Dismiss, and states in support as follows:

1. This is an action to enforce unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA").

2. Plaintiff filed the initial Complaint on March 14, 2014. [D.E. 1-3]. On April 29, 2014, Plaintiff filed an Amended Complaint. [D.E. 3].

3. Defendants move to dismiss the Complaint on the following bases: 1) Plaintiff has not sufficiently pled facts to support the overtime claim; and 2) Plaintiff's claim is barred by the statute of limitations.

4. For the reasons set forth herein, Plaintiff has alleged sufficient facts to support a claim for unpaid overtime wages. Accordingly, Defendant's Motion should be denied. [D.E. 7].

## Memorandum Of Law

## Motion to Dismiss Standard

Fed.R.Civ.P.8(a)(2) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (citation omitted). While Rule 8 does not require "detailed factual allegations," it does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 (2009) (*citing Twombly*). The Eleventh Circuit distinguished the *Twombly* decision (involving a complex antitrust claim) from an FLSA claim.

> Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. <u>The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees</u> and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) [Emphasis Added].

When considering a motion to dismiss, a court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1260 (11th Cir.2009) (citation omitted). A Complaint should not be dismissed unless there are no facts that would support Plaintiff's claim. *S.E.C. v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988).

## The Overtime Claim

Plaintiff has provided a 'short and plain statement' which has placed Defendant on notice that it is seeking an overtime wage claim. Defendant's motion indicates that it has a clear understanding of the issues to be raised in this action, the amount of uncompensated overtime hours that are owed to the Plaintiff. To require Plaintiff to state, with specificity, the exact

amount of claimed hours would impermissibly shift the Defendant's own burden to maintain accurate time and pay records. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Plaintiff is often at a disadvantage when filing the action, as Plaintiff has maintained little, or no records. By way of comparison, Defendant is in a more advantageous position of maintaining time records, and bears the burden of maintaining records. *Id.*

Defendant cites to the *initial* complaint that Plaintiff should have been paid $25.00 per hour. However, Plaintiff has amended the Complaint prior to the filing of this underlying motion, removing any references to this promise to pay. Plaintiff does not rely on the $25.00 rate, but rather his actual rate of pay, as shown on his pay records.

Defendant mis-cites to the *Zhong* opinion. In *Zhong* the Plaintiff filed a claim for overtime wages but alleged that he only worked 20 hours per week:

> The Court is not persuaded, however, that Zhong has met this burden as to the alleged violation of FLSA § 207, the overtime pay provision, because of an **internal conflict within the complaint** regarding the hours that Zhong worked each week.... **Because these alleged working hours add up to only twenty**, they fail to suggest that Zhong is entitled to overtime compensation, which is available only for hours worked in excess of forty per week. *See* FLSA § 207(a)(1); *Zhong v. August August Corp.*, 498 F. Supp.2d 625, 630 (S.D.N.Y. 2007).

The *Zhong*-Plaintiff had failed to plead any facts that support a claim that he worked more than 40 hours per week. By contrast, in the present claim the Plaintiff has alleged that he worked more than 40 hours per week but that he did not get paid overtime wages. The Court granted the motion to dismiss on the basis of this internal conflict. None of the same concerns are present here.

Plaintiff's complaint has sufficiently placed Defendant on notice that he was not paid for all overtime hours that he worked.  Plaintiff has pled that he worked overtime hours in each week, and that Defendant failed to pay him overtime wages. Plaintiff pled that he worked the

overtime hours since the commencement of his employment (2008) through the end of his employment (October 13, 2013). Plaintiff next pled that Defendant failed to pay him overtime wages for all hours worked. The precise number of hours can be determined through discovery, upon Defendant's producing the required time and pay records.

## Statute of Limitations

The statute of limitations in an FLSA action is two years, which may be extended to a third year upon a finding of willfulness. 29 U.S.C. §255. The functional unit of the FLSA is a week, and the failure to pay overtime wages begins *a new* every week. *Knight v. Columbus, Ga.*, 19 F.3d 579, 581 (11th Cir. 1994) *citing Halferty v. Pulse Drug Co.,* 821 F.2d 261, 271 (5th Cir.1987); *Beebe v. United States,* 226 Ct.Cl. 308, 640 F.2d 1283, 1293 (1981); *Aaron v. City of Wichita,* 797 F.Supp. 898, 902 (D.Kan.1992); *Mitchell v. Lancaster Milk Co.,* 185 F.Supp. 66, 70 (M.D.Pa.1960); *cf. Bazemore v. Friday,* 478 U.S. 385, 395, 106 S.Ct. 3000, 3006, 92 L.Ed.2d 315 (1986). The Complaint was filed on March 14, 2014, therefore under a three year statute of limitation, Plaintiff may claim the period of March 14, 2011 through October 13, 2013. *Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, 13-24081-CIV, 2014 WL 979065 (S.D. Fla. 2014).

For the foregoing reasons, the Plaintiff has sufficiently pled an overtime claim, which is not time-barred by the statute of limitations, and Defendant's Motion to Dismiss should be denied.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF, to Robert W. Bleakley, Esq. of The Bleakley Bavol Law Firm, 15170 N. Florida Avenue, Tampa, Florida 33613, on this 15th day of May, 2014.

        THE LAW OFFICES OF
        EDDY O. MARBAN
        1600 Ponce de Leon Boulevard, Suite 902
        Coral Gables, Florida 33134
        Telephone (305) 448-9292
        Facsimile (305) 448-9477
        E-mail: marbanlaw@gmail.com

        By: *s/Edilberto O. Marban*
            EDDY O. MARBAN, ESQ.
            Fl. Bar No. 435960