UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-21496-CIV-LENARD/GOODMAN

LEONCIO DEL ROSARIO, PEGGY
SERRANO, LUIS QUINTANILLA,
VLADIMIR RODRIGUEZ, PEDRO
RICARDO, ELVIN AGUILERA, and
ALAIN VAZQUEZ and others similarly-
situated,

       Plaintiffs,

vs.

LABOR READY SOUTHEAST, INC., a
foreign corporation, d/b/a True Blue, and
MDT PERSONNEL, LLC, a foreign
corporation,

       Defendants.

_____/

## SECOND AMENDED COMPLAINT

COME NOW Plaintiffs, LEONCIO DEL ROSARIO, PEGGY SERANO, LUIS

QUINTANILLA, VLADIMIR RODRIGUEZ, PEDRO RICARDO, ELVIN AGUILERA and

ALAIN VAZQUEZ, by and through their undersigned attorney, and hereby sue Defendants,

LABOR READY SOUTHEAST, INC., a foreign corporation, d/b/a True Blue (herein referred to

as "LABOR READY") and MDT PERSONNEL, LLC, a foreign corporation (herein referred to

as "MDT"), and allege:

JURISDICTIONAL ALLEGATIONS

1.     This is an action to recover money damages for unpaid overtime and minimum

wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor

Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA").

2.      Plaintiffs are residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3.      The corporate Defendant, LABOR READY SOUTHEAST, INC., at all times material hereto, was doing business within the jurisdiction of Miami-Dade County, Florida, where Plaintiffs were employed, and at all times material hereto was and is engaged in interstate commerce. The corporate Defendant, MDT, at all times material hereto, was doing business within the jurisdiction of Miami-Dade County, Florida, where Plaintiffs were employed, and at all times material hereto were and are engaged in interstate commerce.

4.      This action is brought by the Plaintiffs to recover from LABOR READY and MDT claims for unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees under the provisions of 29 U.S.C.§201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207. This is action is also brought under the Florida Minimum Wage Act and the FLSA for liquidated damages as Defendants LABOR READY and MDT failed to promptly pay wages.

## FLSA COVERAGE

5.      Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). LABOR READY is, and at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, LABOR READY operates as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and LABOR READY obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the state of

2

Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Plaintiffs, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

6.　　　Upon information and belief, the annual gross revenue of LABOR READY was at all times material hereto in excess of $500,000.00 per annum.

7.　　　Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). MDT is, and at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, MDT operates as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and MDT obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the state of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Plaintiffs, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

8.　　　Upon information and belief, the annual gross revenue MDT was at all times material hereto in excess of $500,000.00 per annum.

9.　　　Plaintiffs regularly and recurrently moved instrumentalities of commerce. Plaintiffs moved and cleaned rental cars on behalf of rental car companies, such as Alamo Rent-A-Car. The rental cars were located at, or near the airport and targeted airline passengers whom frequently originated from destinations outside the State of Florida. The rental cars were regularly rented to passengers that had recently arrived from a location outside the State of Florida. The rental vehicles were also regularly returned by passengers that were intended to fly

to a destination outside the State of Florida. The vehicles displayed out-of-state license plates. Plaintiffs worked moving and cleaning rental cars that were destined for interstate commerce. Plaintiffs moved the rental cars to locations where the vehicles could be serviced and kept in regular maintenance and repair. Plaintiffs also moved the rental cars for purposes of having them cleaned and washed. Plaintiffs cleaned the vehicles themselves, and regularly handled or used cleaning products which were manufactured outside the State of Florida. Plaintiffs fueled the vehicles, when necessary. Thus, Plaintiffs' work was immediately connected to interstate commerce. *Rodilla v. TFC-RB, LLC*, 08-21352-CIV-AMS, 2009 WL 3720892 (S.D. Fla. 2009).

10.     By reason of the foregoing, LABOR READY is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiffs are within interstate commerce.

11.     By reason of the foregoing, MDT is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiffs are within interstate commerce.

## PLAINTIFFS' EMPLOYMENT

12.     Plaintiff DEL ROSARIO was employed as an hourly paid employee, and was hired to clean/maintain and move rental cars in the airport. Plaintiff DEL ROSARIO worked from approximately 2008 through November 2013. Plaintiff DEL ROSARIO was paid for some but not all overtime hours worked each week.  In addition, some overtime wages were not promptly paid. A check for such untimely paid wages was issued past due. DEL ROSARIO is

4

owed overtime wages at the rate of time-and-one-half his hourly-rate for the hours that went uncompensated and which were untimely paid.

13.    Plaintiff SERRANO was employed as an hourly paid employee. Plaintiff SERRANO was hired to clean/maintain and move rental cars in the airport. Plaintiff also performed the duties of an office worker. Plaintiff SERRANO worked from approximately October 2012 through March 4, 2014. SERRANO was paid for some but not all overtime hours worked each week.  In addition, some overtime wages were not promptly paid. A check for such untimely paid wages was issued past due. SERRANO is owed overtime wages at the rate of time-and-one-half her hourly-rate for the hours that went uncompensated and which were untimely paid.

14.    Plaintiff QUINTANILLA was employed as an hourly paid employee, and was hired to clean/maintain and move rental cars in the airport. Plaintiff QUINTANILLA worked from approximately 2011 through March 2014. Plaintiff QUINTANILLA was paid for some but not all overtime hours worked each week.  In addition, some overtime wages were not promptly paid. A check for such untimely paid wages was issued past due. QUINTANILLA is owed overtime wages at the rate of time-and-one-half his hourly-rate for the hours that went uncompensated and which were untimely paid.

15.    Plaintiff RODRIGUEZ was employed as an hourly paid employee, and was hired to clean/maintain and move rental cars in the airport. Plaintiff RODRIGUEZ worked from approximately October 2010 through November 2013. Plaintiff RODRIGUEZ was paid for some but not all overtime hours worked each week.  In addition, some overtime wages were not promptly paid. A check for such untimely paid wages was issued past due. RODRIGUEZ is

owed overtime wages at the rate of time-and-one-half his hourly-rate for the hours that went uncompensated and which were untimely paid.

16.     Plaintiff RICARDO was employed as an hourly paid employee, and was hired to clean/maintain and move rental cars in the airport. Plaintiff RICARDO worked from approximately June 2011 through January 2014. Plaintiff RICARDO was paid for some but not all overtime hours worked each week.  In addition, some overtime wages were not promptly paid. A check for such untimely paid wages was issued past due. RICARDO is owed overtime wages at the rate of time-and-one-half his hourly-rate for the hours that went uncompensated and which were untimely paid.

17.     Plaintiff AGUILERA was employed as an hourly paid employee, and was hired to clean/maintain and move rental cars in the airport. Plaintiff AGUILERA worked from approximately September 2012 through October 2012, and from November 2012 through February 2013.  Plaintiff AGUILERA was paid for some but not all overtime hours worked each week.  In addition, some overtime wages were not promptly paid. A check for such untimely paid wages was issued past due. AGUILERA is owed overtime wages at the rate of time-and-one-half his hourly-rate for the hours that went uncompensated and which were untimely paid.

18.     Plaintiff VAZQUEZ was employed as an hourly paid employee. Plaintiff VAZQUEZ was hired to clean/maintain and move rental cars in the airport. Plaintiff VAZQUEZ worked from approximately September 2013 through July 2014. VAZQUEZ was paid for some but not all overtime hours worked each week.  In addition, some overtime wages were not promptly paid. A check for such untimely paid wages was issued past due. VAZQUEZ is owed overtime wages at the rate of time-and-one-half his hourly-rate for the hours that went uncompensated and which were untimely paid.

<u>**COUNT I: UNPAID OVERTIME WAGE**</u>
<u>**CLAIM AGAINST LABOR READY SOUTHEAST INC.**</u>

19.     Plaintiffs DEL ROSARIO, SERRANO, QUINTANILLA, RODRIGUEZ, RICARDO and AGUILERA re-allege and re-aver paragraphs 1 through 6, 9-11, 12-18 as fully set forth herein.

20.     The corporate Defendant LABOR READY is a company that provides auxiliary services to rental car companies, including managing, operating, cleaning, and maintaining the fleet for car rental companies.

21.     Plaintiffs worked in excess of forty hours per week during the periods stated in paragraphs 12 through 18. Plaintiffs were paid for some of the overtime hours they worked, but were not paid for all of the overtime hours they worked. Plaintiffs are entitled to be paid overtime wages at a rate of time-and-one-half the regular rate as required by the Fair Labor Standards Act for those hours in which they worked more than forty hours per week, but received no compensation.

22.     The similarly-situated current and former employees are all those other employees who worked for Defendant LABOR READY and performed the same or similar duties as that of Plaintiffs, such as cleaning and maintaining rental vehicles.

23.     At all times material hereto, Defendant LABOR READY failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 <u>et seq</u>. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by LABOR READY to properly pay Plaintiffs at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

24.     Defendant LABOR READY knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor

Standards Act. Defendant LABOR READY had knowledge of Plaintiffs' work schedule and the amount of hours they worked.  Defendant LABOR READY had knowledge that Plaintiffs worked over 40 hours weekly.  Defendant LABOR READY knew or should have known the hours over 40 weekly were required to be paid at a rate of time-and-one-half.  No valid reason exists for the denial of paying overtime wages.

25.    Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorney's fees and costs from the Defendant LABOR READY, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiffs' entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiffs do not recover liquidated damages, then Plaintiffs will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II: UNPAID OVERTIME WAGE CLAIM AGAINST MDT PERSONNEL, LLC

26.    Plaintiffs DEL ROSARIO, SERRANO, QUINTANILLA, RODRIGUEZ, RICARDO, AGUILERA and VAZQUEZ re-allege and re-aver paragraphs 1 through 4, 7-9, 12-18 as fully set forth herein.

27.    The corporate Defendant MDT is a company that provides auxiliary services to rental car companies, including managing, operating, cleaning and maintaining the fleet for car rental companies.

28. Plaintiffs worked in excess of forty hours per week during the periods stated in paragraphs 12 through 18. Plaintiffs were paid for some of the overtime hours they worked, but were not paid for all of the overtime hours they worked. Plaintiffs are entitled to be paid overtime wages at a rate of time-and-one-half the regular rate as required by the Fair Labor Standards Act for those hours in which they worked more than forty hours per week, but received no compensation.

29. The similarly-situated current and former employees are all those other employees who worked for Defendant MDT and performed the same or similar duties as that of Plaintiffs, such as cleaning and maintaining rental vehicles.

30. At all times material hereto, Defendant MDT failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by MDT to properly pay Plaintiffs at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

31. Defendant MDT knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant MDT had knowledge of Plaintiffs' work schedule and the amount of hours they worked. Defendant MDT had knowledge that Plaintiffs worked over 40 hours weekly. Defendant MDT knew or should have known the hours over 40 weekly were required to be paid at a rate of time-and-one-half. No valid reason exists for the denial of paying overtime wages.

32. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorney's fees and costs from the Defendant MDT, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiffs' entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiffs do not recover liquidated damages, then Plaintiffs will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

### COUNT III: MINIMUM WAGE VIOLATION
### (*PROMPT PAYMENT*) AGAINST LABOR READY SOUTHEAST INC.

33.     Plaintiffs DEL ROSARIO, SERRANO, QUINTANILLA, RODRIGUEZ, RICARDO and AGUILERA re-allege and re-aver paragraphs 1 through 6, 9-11, 12-18 as fully set forth herein.

34.     The corporate Defendant LABOR READY is a company that provides auxiliary services to rental car companies, including managing, operating, cleaning and maintaining the fleet for car rental companies.

35.     The FLSA as well as the Florida minimum wage law requires that the Employer pay Plaintiffs a required minimum wage per hour, 29 U.S.C. § 203(m); F.S. § 448.10.  The FLSA and Florida Minimum Wage Laws requires that Defendant LABOR READY have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to *"promptly pay"* wages due to Plaintiffs constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 776 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993).

36.     Plaintiffs were employed during the periods in time set forth in paragraph 12 through 18. Defendants failed to have a regular pay period and/or make prompt payments for Plaintiffs' wages.

37.     Defendant's failure to have a regular pay period and/or make prompt payments constituted a minimum wage violation. Thus, Plaintiffs are entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date their wages were due.

38.     Plaintiffs require to obtain the necessary records and information to determine the amount of the under-payment to them by appropriate discovery proceedings to be promptly taken in this cause.

39.     Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorney's fees from Defendant LABOR READY, pursuant to F.S. § 448.01, F.S. § 448.110 and FL CONST Art. 10 § 24, as cited above, and the FLSA, to be proven at the time of trial for minimum wages owing from Plaintiffs' entire employment period with Defendant LABOR READY, or as much as allowed by F.S. § 448.01, F.S. § 448.110 and FL CONST Art. 10 § 24, whichever is greater, along with court costs.  Plaintiffs are also entitled to injunctive relief restraining Defendant LABOR READY from committing any future FLSA and Florida Minimum Wage violations.  Plaintiffs seek any and all other relief which this Court deems reasonable under the circumstances.

## COUNT IV: MINIMUM WAGE VIOLATION
### (*PROMPT PAYMENT*) AGAINST MDT PERSONNEL, LLC

40.     Plaintiffs DEL ROSARIO, SERRANO, QUINTANILLA, RODRIGUEZ, RICARDO, AGUILERA and VAZQUEZ re-allege and re-aver paragraphs 1 through 4, 7-9, 12-18 as fully set forth herein.

41.     The corporate Defendant MDT is a company that provides auxiliary services to rental car companies, including managing, operating, cleaning and maintaining the fleet for car rental companies.

42.     The FLSA as well as the Florida minimum wage law requires that the Employer pay Plaintiffs a required minimum wage per hour, 29 U.S.C. § 203(m); F.S. § 448.10.  The FLSA and Florida Minimum Wage Laws requires that Defendant MDT have a regular pay period and make reasonably prompt payments in issuing pay for the work performed in the pay period. The failure to *"promptly pay"* wages due to Plaintiffs constitutes a minimum wage violation under the FLSA. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 776 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993).

43.     Plaintiffs were employed during the periods in time set forth in paragraph 12 through 18. Defendant failed to have a regular pay period and/or make prompt payments for Plaintiffs' wages.

44.     Defendant's failure to have a regular pay period and/or make prompt payments constituted a minimum wage violation. Thus, Plaintiffs are entitled to liquidated damages at the rate of minimum wage for all hours that were not timely paid on the date their wages were due.

45.     Plaintiffs require to obtain the necessary records and information to determine the amount of the under-payment to them by appropriate discovery proceedings to be promptly taken in this cause.

46.     Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorney's fees from Defendant MDT, pursuant to F.S. § 448.01, F.S. § 448.110 and FL CONST Art. 10 § 24, as cited above, and the FLSA, to be proven at the time of trial for minimum wages owing from Plaintiffs' entire employment period with Defendant MDT, or as much as allowed by F.S. § 448.01, F.S. § 448.110 and FL CONST Art. 10 § 24, whichever is greater, along with court costs.   Plaintiffs are also entitled to injunctive relief restraining Defendant MDT from committing any future FLSA and Florida Minimum Wage violations.   Plaintiffs seek any and all other relief which this Court deems reasonable under the circumstances.

## COUNT V: CLAIM FOR UNPAID MINIMUM WAGES
## AGAINST LABOR READY SOUTHEAST, INC.

47.     Plaintiffs DEL ROSARIO, SERRANO, QUINTANILLA, RODRIGUEZ, RICARDO and AGUILERA re-allege and re-aver paragraphs 1 through 6, 9-11, 12-18 as fully set forth herein.

48.     The corporate Defendant LABOR READY is a company that provides auxiliary services to rental car companies, including managing, operating, cleaning and maintaining the fleet for car rental companies.

49.     Florida Minimum Wage Laws and the FLSA sets for a minimum wage which must be paid to employees.

50.     The Florida Minimum Wage during the period of January 1, 2009 through May 31, 2011 was $7.21 per hour. The Florida Minimum Wage during the period of June 1, 2011 through December 31, 2011 was $7.31 per hour. The Florida Minimum Wage during the period of January 1, 2012 through December 31, 2012 was $7.67 per hour. The Florida Minimum Wage during the period of January 1, 2013 through December 31, 2013 was $7.79 per hour. The Florida Minimum wage during the period of January 1, 2014 through the present date is $7.93 per hour.

51.     The Federal Minimum Wage during the period of January 1, 2012 through the present date is $7.25 per hour.

52.     Plaintiffs were employed during the periods in time set forth in paragraph 12 through 18. Defendant LABOR READY failed to pay each of the Plaintiffs for two weeks in which they performed worked for LABOR READY.

53.     Defendant LABOR READY's failure to pay any wages to each of the Plaintiffs during these two weeks constituted a minimum wage violation.

54.     Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA. Defendant had knowledge of Plaintiffs' work schedule and the amount of hours he worked.  Defendant  knew or should have known of the work performed by the Plaintiffs and of its obligation to pay minimum wages to Plaintiffs for each of the weeks they worked. Defendant knew or should have known that the failure to pay at least minimum wages for each worked constituted a minimum wage violation.

55.     Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

14

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorney's fees and costs from LABOR READY pursuant to the Florida Minimum Wage Act and the FLSA as cited above, to be proven at the time of trial for minimum wages owing from Plaintiffs' entire employment period with Defendant, or as much as allowed by the Florida Minimum Wage Act and the FLSA, whichever is greater, along with court costs.  In the event that Plaintiffs do not recover liquidated damages, then Plaintiffs will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

### COUNT V: CLAIM FOR UNPAID MINIMUM WAGES AGAINST MDT PERSONNEL, LLC

56.     Plaintiffs DEL ROSARIO, SERRANO, QUINTANILLA, RODRIGUEZ, RICARDO, AGUILERA and VAZQUEZ re-allege and re-aver paragraphs 1 through 4, 7-9, 12-18 as fully set forth herein.

57.     The corporate Defendant MDT is a company that provides auxiliary services to rental car companies, including managing, operating, cleaning and maintaining the fleet for car rental companies.

58.     Florida Minimum Wage Laws and the FLSA sets for a minimum wage which must be paid to employees.

59.     The Florida Minimum Wage during the period of January 1, 2009 through May 31, 2011 was $7.21 per hour. The Florida Minimum Wage during the period of June 1, 2011 through December 31, 2011 was $7.31 per hour. The Florida Minimum Wage during the period of January 1, 2012 through December 31, 2012 was $7.67 per hour. The Florida Minimum Wage during the period of January 1, 2013 through December 31, 2013 was $7.79 per hour. The

15

Florida Minimum wage during the period of January 1, 2014 through the present date is $7.93 per hour.

59. 60.     The Federal Minimum Wage during the period of January 1, 2012 through the present date is $7.25 per hour.

61.     Plaintiffs were employed during the periods in time set forth in paragraph 12 through 18. Defendant MDT failed to pay each of the Plaintiffs for two weeks in which they performed worked for MDT.

62.     Defendant MDT's failure to pay any wages to each of the Plaintiffs during these two weeks constituted a minimum wage violation.

63.     Defendant MDT knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA. Defendant had knowledge of Plaintiffs' work schedule and the amount of hours he worked.  Defendant  knew or should have known of the work performed by the Plaintiffs and of its obligation to pay minimum wages to Plaintiffs for each of the weeks they worked. Defendant knew or should have known that the failure to pay at least minimum wages for each worked constituted a minimum wage violation.

64.     Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorney's fees and costs from MDT pursuant to the Florida Minimum Wage Act and the FLSA as cited above, to be proven at the time of trial for minimum wages owing from Plaintiffs' entire employment period with Defendant, or as much as allowed by the Florida Minimum Wage Act and the FLSA, whichever is greater, along with court costs.  In the event that Plaintiffs do not

recover liquidated damages, then Plaintiffs will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Electronic Filing generated by CM/ECF, to Robert W. Bleakley, Esq. of The Bleakley Bavol Law Firm, 15170 N. Florida Avenue, Tampa, Florida 33613, on this 4th day of September, 2014.

THE LAW OFFICES OF
EDDY O. MARBAN
1600 Ponce De Leon Boulevard, Suite 902
Coral Gables, Florida 33134
Telephone (305) 448-9292
Facsimile (305) 448-9477
E-mail: marbanlaw@gmail.com

By: s/Edilberto O. Marban
     EDDY O. MARBAN, ESQ.
     Fl. Bar No. 435960